## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNION PACIFIC RAILROAD COMPANY,** | |
| **Plaintiff,** | **8:25CV524** |
| **vs.** | |
| **POET LLC,** | **MEMORANDUM AND ORDER** |
| **Defendant.** | |

This matter is before the Court on the Opposed Motion for Leave to File a First Amended Complaint (Filing No. 27) filed by the plaintiff, Union Pacific Railroad Company ("Union Pacific"). Union Pacific requests leave to file a First Amended Complaint that adds an allegation that the parties had a tolling agreement with respect to the statute of limitations, and removes "Exhibit C," containing a summary of invoices Union Pacific sent to the defendant, POET, LLC ("POET") between January 20, 2015, and August 1, 2025. POET opposes the motion for leave to amend on grounds of futility and untimeliness. (Filing No. 31). For the following reasons, the Court will grant Union Pacific's motion for leave to amend.

### BACKGROUND

On August 27, 2025, Plaintiff commenced this action against POET alleging it has failed or refused to pay charges assessed by Union Pacific under its TARIFF UP 6004-C, Item 55-C ("UP 6004") for certain movements of empty tank cars supplied by POET. (Filing No. 1). POET challenged the lawfulness of those assessed charges by petitioning the Surface Transportation Board ("STB"). Union Pacific contends "the STB found POET failed to prove the charges for Tariff UP 6004 by Union Pacific were unlawful in Docket No. NOR 42144 served on January 15, 2025," and alleges POET owes Union Pacific $5,709,630.82 for "[t]he outstanding invoices related to charges for services covered by Tariff UP 6004, after the application of all credits and adjustments[.]" Union Pacific seeks to recover those charges pursuant to 28 U.S.C. § 1337(a), arising under the Interstate Commerce Act, 49 U.S.C. §§ 10743(a), 10702, 11101, and 11121-11122. (Filing No. 1).

Pursuant to the parties' stipulation (Filing No. 7), POET filed its answer to the Complaint on October 27, 2025. (Filing No. 12). On November 25, 2025, the parties filed a joint Rule 26(f)

Report (Filing No. 15) with agreed deadlines for the case, which were adopted by the Court's Case Progression Order (Filing No. 16) filed the same date.  Among other deadlines, the Court set December 5, 2025, as the deadline to file motions to amend pleadings, December 12, 2025, to serve initial mandatory disclosures, May 1, 2026, to complete written discovery, and the deposition deadline for September 14, 2026.  (Filing No. 16).

The parties served their initial disclosures on December 12, 2025. (Filing Nos. 18-19). Union Pacific served its first set of written discovery on POET on February 18, 2026, (Filing No. 20), and POET filed a Motion for Partial Judgment on the Pleadings the following day, February 19, 2026, (Filing No. 21).  POET argues that any charges Union Pacific asserts are allegedly owed by and invoiced to POET prior to August 27, 2022, are barred by the statute of limitations in 49 U.S.C. § 11705(a), which POET maintains is jurisdictional.  (Filing Nos. 21-22).

In response to POET's Motion for Partial Judgment on the Pleadings, Union Pacific sent a proposed First Amended Complaint defense counsel on March 11, 2026.  (Filing No. 27-1 at p. 2). Counsel met and conferred regarding Union Pacific's proposed First Amended Complaint on March 17, 2026, and defense counsel stated a motion to amend would be opposed.  *Id.*  Union Pacific then filed the instant opposed motion for leave to amend on March 19, 2026.  (Filing No. 27).

## DISCUSSION

Federal Rule of Civil Procedure 15 provides that the Court should "freely give leave" to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a).  Nevertheless, a party does not have an absolute right to amend, and "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."  *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted).

Additionally, when a party seeks leave to amend under Rule 15(a) outside of the time period established by a scheduling order, the party must first demonstrate good cause under Rule 16(b).  See *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Rule 16(b) provides that a judge must issue a scheduling order limiting "the time to join other parties, amend the pleadings, complete discovery,

and file motions." Fed. R. Civ. P. 16(b)(3)(A). The schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The movant's diligence in attempting to meet the case management order's requirements is the 'primary measure' of good cause." *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024). "[I]f the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989).

POET correctly points out that Union Pacific's motion for leave to amend is untimely under the Court's Case Progression Order, which set December 5, 2025, as the deadline for moving to amend pleadings. (Filing No. 31 at p. 1; Filing No. 16). However, the Court finds under these circumstances good cause exists to extend that deadline, and that POET would not be unfairly prejudiced by such extension. First, according to their Rule 26(f) Report, the parties did not anticipate needing to amend pleadings, and thus the Court adopted their proposed December 5, 2025, deadline for moving to amend pleadings—which was just over one week after the Case Progression Order was entered on November 25, 2025, and a week before the parties even served initial mandatory disclosures. Although the parties and Court originally agreed upon an ambitious deadline for amending pleadings, it is clear that circumstances have changed warranting an extension of that deadline.

Union Pacific served its first set of written discovery on POET on February 18, 2026, (Filing No. 20), and POET filed a Motion for Partial Judgment on the Pleadings the following day, February 19, 2026, (Filing No. 21). Within three weeks of that motion, Union Pacific prepared a proposed First Amended Complaint for defense counsel's review; after POET advised it would oppose the amendment by email dated March 17, 2026, Union Pacific filed the instant motion for leave to amend within two days on March 19, 2026. At the time, POET had not served written discovery, and all other case deadlines were still several months out. Essentially, this case is in the initial stages. Additionally, POET filed an answer to Union Pacific's original Complaint, and this is Union Pacific's first request to amend its original pleading. Union Pacific diligently prepared an amended pleading in response to POET's motion for judgment on the pleadings and did not unduly delay in moving to amend its pleading. The Court finds the orderly progression of this case will not be disturbed by extending the deadline to amend pleadings, and that POET would

3

not be unfairly prejudiced by permitting the amendment.  Accordingly, the Court rejects POET's arguments regarding the timeliness of Union Pacific's motion for leave to amend.

POET also opposes Union Pacific's motion for leave to amend on the grounds that the amendments are futile.  POET has filed a motion for judgment on the pleadings, asserting the 3-year statute of limitations contained in 49 U.S.C. § 11705(a) "extinguishes or otherwise bars" Union Pacific's claims for charges accrued prior to August 27, 2022.  (Filing No. 21).  POET contends § 11705(a) is jurisdictional, and therefore Union Pacific's attempt to add an allegation of a purported tolling agreement is futile.  (Filing No. 31 at pp. 3-4).  POET further asserts Union Pacific's removal of Exhibit C attached to its Complaint "only serves to muddle the timeline and delay the identification of Union Pacific's remaining claims[.]"  (Filing No. 31 at p. 3).

Union Pacific's proposed First Amended Complaint does not change or add new claims. Instead, Union Pacific seeks to add allegations and amend its Complaint to address the legal arguments regarding the statute of limitations raised by POET's motion for judgment on the pleadings.   The legal issues presented by POET's motion for judgment on the pleadings as to the jurisdictional nature of the statute of limitations in § 11705(a) will remain after Union Pacific amends its pleading, and POET states "Exhibit C has no relevance on the jurisdictional issue raised in POET's Motion." (Filing No. 31 at p. 3).  Under the circumstances, rather than foreclose Union Pacific's ability to amend its pleading, the Court finds it more efficient to permit Union Pacific to amend its complaint, after which the Court can then address the legal issues POET raises with respect to § 11705(a).  See, e.g., Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (3d ed. 2010) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading."); *Thigulla v. Jaddou*, No. 4:22CV3168, 2022 WL 4608899, at *1 (D. Neb. Sept. 30, 2022), appeal dismissed and remanded, 94 F.4th 770 (8th Cir. 2024). "If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Bishop v. Abbott Lab'ys*, No. 19-CV-420 2019 WL 6975449, at *3 (D. Minn. Dec. 20, 2019).  Upon consideration,

**IT IS ORDERED**:  Plaintiff's Opposed Motion for Leave to File a First Amended Complaint (Filing No. 27) is granted.  Plaintiff may file the proposed First Amended Complaint on or before **June 18, 2026**.

Dated this 9th day of June, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge