IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>POET LLC,<br><br>Defendant. | **8:25CV524**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendant POET LLC's ("POET") Motion for Partial Judgment on the Pleadings (Filing No. 21). *See* Fed. R. Civ. P. 12(c) (permitting a party to "move for judgment on the pleadings" "[a]fter the pleadings are closed—but early enough not to delay trial"). Plaintiff Union Pacific Railroad Company ("Union Pacific") opposes the motion on procedural and substantive grounds (Filing No. 25). For the reasons stated below, the motion is denied.

## I. BACKGROUND[1]

Union Pacific is "an interstate railway carrier subject to the jurisdiction of the" federal Surface Transportation Board ("STB"). *See* 49 U.S.C. § 1301. "Between January 2015 and the present, POET contracted with Union Pacific to provide interstate rail transportation services pursuant to public rate documents or confidential private

[1]The underlying facts are drawn from the First Amended Complaint (Filing No. 35). On "a motion for judgment on the pleadings," the Court accepts the factual allegations in the complaint as true and construes them "in the light most favorable to the plaintiff, drawing all inferences in [its] favor." *Fiecke-Stifter v. MidCountry Bank*, 170 F.4th 1120, 1124 (8th Cir. 2026) (quoting *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006)); *see also Nat'l Union Fire Ins. Co. of Pittsburgh v. Cargill, Inc.*, 61 F.4th 615, 619 (8th Cir. 2023) (noting that courts can also consider matters that are incorporated into the pleadings by reference or are integral to a claim); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

contract[s]." Those services involved moving "empty tank cars" POET supplied "to and from certain repair facilities" under TARIFF UP 6004-C, Item 55-C ("Tariff UP 6004").

Union Pacific provided those services and submitted invoices, but POET has refused to pay them. "POET petitioned the STB and challenged the lawfulness of the charges assessed by Union Pacific for Tariff UP 6004." In an order served on January 15, 2025, the STB determined POET failed to prove the charges were unlawful.

On August 27, 2025, Union Pacific sued POET (Filing No. 1), asserting four causes of action: (1) accessorial charges, (2) action on account, (3) quantum meruit, and (4) breach of contract. It amended its pleading on June 10, 2026 (Filing No. 35). For each cause, Union Pacific seeks to recover more than $5,709,630.82, plus interest, costs of suit, and any additional tariff charges that have accrued on or after January 1, 2015.

In its motion for partial judgment on the pleadings, POET asks the Court to limit the scope of Union Pacific's claims.

## II. DISCUSSION

POET contends "the pleadings demonstrate that there is no genuine issue of material fact and that POET is entitled to judgment as a matter of law on all claims brought in Union Pacific's Complaint, with respect to charges allegedly owed by and invoiced to POET prior to August 27, 2022." *See Partridge v. City of Benton*, 929 F.3d 562, 564-65 (8th Cir. 2019) (standard of review). In particular, POET asks the Court to "find that 49 U.S. Code § 11705(a) extinguishes or otherwise bars all claims brought by [Union Pacific] against POET for charges allegedly accrued" before that date.

Section 11705(a) provides, "A rail carrier providing transportation or service subject to the jurisdiction of the Board under this part must begin a civil action to recover charges for transportation or service provided by the carrier within 3 years after the claim accrues." According to POET, § 11705(a) is jurisdictional, and it bars all claims that accrued more than three years before Union Pacific filed suit.

In support, POET relies on the Supreme Court's analysis of a similar limitation "in Section 16(3)(a) of the Interstate Commerce Act." *Mid State Horticultural Co. v. Pa. R. Co.*, 320 U.S. 356, 356-57 (1943) (citing 49 U.S.C. § 16(3)(a), 43 Stat. 633). As POET sees it, the Supreme Court already determined § 16(3) is "a jurisdictional statute" of limitation that "not only bars the remedy but destroys the liability."

POET further argues that the plain language of § 11705(a) and its legislative purposes clearly establish that "Congress intended such jurisdictional consequences." Leaving no stone unturned, POET also resorts to "the textual cannon of statutory construction known as *expressio (or inclusion) unious*" and the rule against surplusage to show that "Congress intended the right to pursue a cause of action under [§ 11705(b)-(c)] to extinguish once the original limitations period had run."

POET acknowledges the existence of "an unusual 'transit tariff' exception" and the possibility of equitable tolling but argues neither applies here. *See Atchison, Topeka & Santa Fe Ry. Co. v. I.C.C.*, 851 F.2d 1432, 1435, 1438-39 (D.C. Cir. 1988). In its view, § 11705(a) is a jurisdictional statute that the parties cannot contract around or avoid with the doctrine of equitable tolling.

Union Pacific challenges POET's motion on both procedural and substantive grounds. Union Pacific first argues Rule 12(c) does not allow POET to seek judgment on part of a cause of action. *See*, *e.g.*, *Kenall Mfg. Co. v. Cooper Lighting, LLC*, 354 F. Supp. 3d 877, 894 (N.D. Ill. 2018) (concluding "the text of the Civil Rules forecloses the entry of a Rule 12(c) judgment on part of a claim").

It next argues POET ignores significant substantive changes to § 11705(a) and relies on outdated precedent that interpreted a "regulation-oriented" regulatory environment that gave way to market-based deregulation in the 1980s and 1990s. Union Pacific places great significance on Congress's omission of the words "and not after" in revising the statute at issue. Drawing language from *Boechler, P.C. v. Commissioner of Internal Revenue*, 596

U.S. 199, 207 (2022), Union Pacific contends the revised "statutory language contains no 'clear tie between the deadline and the jurisdictional grant.'" As Union Pacific sees it, "*Boechler* supports a nonjurisdictional reading of 49 U.S.C. § 11705(a) which is presumptively subject to tolling." Trying to turn the table, Union Pacific relies on *Atchison* to suggest that the discussion in *Mid State* about whether the limitation period was jurisdictional was "dictum." 851 F.2d at 1438. Union Pacific also notes "the limitations period in 11705 is within Chapter 117 of the statute while the statute's jurisdictional requirements are in Chapter 105."

The jurisdictional question POET asks is a tough one, and neither party hits every spike squarely on the head. For instance, the Court sees no formidable procedural barrier to deciding the limitation issue POET raises. *See Levitt v. Merck & Co., Inc.*, 914 F.3d 1169, 1171 (8th Cir. 2019) ("Judgment on the pleadings may be granted 'on the basis that the governing . . . statute of limitations expired.'" (quoting *Thach v. Tiger Corp.*, 609 F.3d 955, 960 (8th Cir. 2010))); Fed. R. Civ. P. 12(c) (permitting the Court to treat a Rule 12(c) motion "as one for summary judgment under Rule 56" as needed with proper notice); 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2713 (4th ed. 2016) (explaining that "a motion for a partial judgment on the pleadings, for which there is no provision in the rules, has been treated by some courts as a summary-judgment motion with respect to part of a claim, although other courts simply have allowed a partial judgment on the pleadings") (footnotes omitted).

But despite some misses, on balance, Union Pacific strikes the stronger substantive blows. Put simply, the Court is satisfied that POET's legal question is properly before the Court but does not agree with POET that "§ 11705(a) is a jurisdictional statute that extinguishes or otherwise bars all of those individual claims on charges allegedly accrued prior to August 27, 2022." Accordingly, the limitation period at issue in this case is arguably subject to tolling. *See Enbridge Energy, LP v. Nessel ex rel. Michigan*, 608 U.S. ___, ___, 146 S. Ct. 1074, 1081-83 (2026) (discussing the presumption of equitable tolling

and its limits). In its First Amended Complaint, Union Pacific plausibly alleges POET agreed to stay payment and collection of the disputed charges until the STB rendered its decision. *See*, *e.g.*, *Nat'l Union*, 61 F.4th at 619 (applying the plausibility standard); *Buckley v. Hennepin County*, 9 F.4th 757, 760 (8th Cir. 2021) ("A claim must be plausible on its face to survive dismissal."). POET denied those allegations in its answer (Filing No. 37).

On this record, that genuine dispute precludes partial judgment on the pleadings in POET's favor with respect to the disputed charges. *See Partridge*, 929 F.3d at 564-65. POET's motion (Filing No. 21) is therefore denied.

IT IS SO ORDERED.

Dated this 4th day of August 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge